<u>Query</u>    **Reports**    **Utilities**    **Help**   **What's New**   **Log Out**

CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.4)] (Syracuse)
# CRIMINAL DOCKET FOR CASE #: 5:25-mj-00360-MJK-1

| | |
|---|---|
| Case title: USA v. Lennon | Date Filed: 10/31/2025 |
| Other court case number: 5:25-mj-626 (ALM) Western District of Oklahoma | Date Terminated: 11/19/2025 |

Assigned to: Magistrate Judge Mitchell J. Katz

**Defendant (1)**

| | | |
|---|---|---|
| **Anthony Michael Lennon**<br>*TERMINATED: 11/19/2025* | represented by | **Gabrielle DiBella**<br>Office of the Federal Public Defender - Syracuse Office<br>Northern District of New York<br>4 Clinton Square, 3rd Floor<br>Syracuse, NY 13202<br>315-701-0080<br>Email: gabrielle_dibella@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Active*<br>*Fee Status: waived_2025* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2250 - Failure to Register as a Sex Offender | |

---

**Plaintiff**

| **USA** | represented by | **Michael F. Perry** |
|---|---|---|
| | | Office of the United States Attorney - Syracuse |
| | | P.O. Box 7198 |
| | | 100 South Clinton Street |
| | | Syracuse, NY 13261-7198 |
| | | 315-448-0672 |
| | | Fax: 315-448-0658 |
| | | Email: michael.f.perry@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | *Bar Status: Active* |
| | | *Fee Status: waived_2025* |

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2025 | 1 | Rule 5(c)(3) Documents Received as to Anthony Michael Lennon. (Attachments: # 1 Criminal Cover Sheet - WDOK, # 2 Arrest Warrant - WDOK, # 3 Sealing Application - WDOK, # 4 Sealing Order - WDOK, # 5 Docket Sheet - WDOK) (kck) (Entered: 10/31/2025) |
| 10/31/2025 | | Rule 5(c)(3) arrest of Anthony Michael Lennon. (kck) (Entered: 10/31/2025) |
| 10/31/2025 | | TEXT Minute Entry for Initial Appearance pursuant to Rule 5(c)(3) held on 10/31/2025 before U. S. Magistrate Judge Mitchell J. Katz as to Anthony Michael Lennon: A copy of the complaint, filed in the Western District of Oklahoma, is provided to the defendant. The defendant is advised of the charge, the maximum potential penalties, and his constitutional rights. Judge Katz appoints the OFPD as counsel for the purpose of proceedings held in this district. The Initial Appearance is in recess until Wednesday, November 5th, 2025 at 8:30 AM. Brady warning is given. Defendant is remanded to the custody of the U.S. Marshals. Appearances: Michael Perry, AUSA; Gabrielle DiBella, AFPD for Defendant. USPO: Andrew Katko. (Court Reporter: Eileen McDonough. Time - In Chambers: 4:06 PM - 4:40 PM. On the Record: 4:42 PM - 4:54 PM) (kck) (Entered: 10/31/2025) |
| 10/31/2025 | 2 | TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Anthony Michael Lennon. Because the defendant has testified under oath or has otherwise satisfied this court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require it is hereby ORDERED that: The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the defendant and shall file a notice of |

| | | |
|---|---|---|
| | | appearance with the Clerk of Court. SO ORDERED by U.S. Magistrate Judge Mitchell J. Katz on 10/31/2025. (kck) (Entered: 10/31/2025) |
| 10/31/2025 | 3 | RULE 5(f) ORDER as to Anthony Michael Lennon: This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and to summarize the possible consequences of violating those obligations. Signed by U.S. Magistrate Judge Mitchell J. Katz on 10/31/2025. (kck) (Entered: 10/31/2025) |
| 10/31/2025 | | TEXT NOTICE OF HEARING as to Anthony Michael Lennon: The Continued Initial Appearance on Charges from Other District will resume on 11/5/2025 at 8:30 AM in Syracuse before U.S. Magistrate Judge Mitchell J. Katz. (kck) (Entered: 10/31/2025) |
| 11/03/2025 | 4 | NOTICE OF ATTORNEY APPEARANCE: Gabrielle DiBella appearing for Anthony Michael Lennon *(for the proceedings in this district only).* (DiBella, Gabrielle) (Entered: 11/03/2025) |
| 11/04/2025 | 5 | Letter as to Anthony Michael Lennon requesting adjournment of continued initial appearance (DiBella, Gabrielle) (Entered: 11/04/2025) |
| 11/04/2025 | 6 | TEXT ORDER: Granting the # 5 Letter Request for an adjournment of the Continued Initial Appearance as to Anthony Michael Lennon (1). The Continued Initial Appearance on Charges from Other District will now resume on 11/19/2025 at 11:00 AM in Syracuse before U.S. Magistrate Judge Mitchell J. Katz. SO ORDERED by U.S. Magistrate Judge Mitchell J. Katz on 11/4/2025. (kck) (Entered: 11/04/2025) |
| 11/12/2025 | 7 | PRETRIAL SERVICES INVESTIGATION REPORT - [LODGED] as to Anthony Michael Lennon. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (ceb, ) (Entered: 11/12/2025) |
| 11/19/2025 | 8 | Docket Annotation as to Anthony Michael Lennon: The Clerk's Office is in receipt of Government Exhibits 1-9 as submitted in the November 19th, 2025 Identity/Detention Hearing before Magistrate Judge Mitchell J. Katz. Documents were filed via MFT on 11/19/2025. Not available for public viewing. (egr) (Entered: 11/19/2025) |
| 11/19/2025 | 9 | TEXT MINUTE ENTRY for a Continued Initial Appearance/Identity Hearing/ Detention Hearing held on 11/19/2025 before U.S. Magistrate Judge Mitchell J. Katz as to Anthony Michael Lennon: Counsel confirms their understanding of the burden of proof regarding the matter of identity and submits relevant case law to the Court. Counsel confirms that for the purposes of the proceeding the rules of evidence do not apply. The Government proceeds by proffer on the matter of identity and enters Government Exhibits 1 through 7. Government Exhibits 1 through 7 are received by the Court. The Government calls witness Deputy United States Marshal Colin Joyce. Witness is placed under oath and questioned by the Government. Defense counsel conducts cross-examination of the witness. Government conducts redirect examination of the witness and counsel rests as to the witness. Defense counsel responds to the Government's proffer on the matter of the identity of the arrested individual and offers Defense Exhibits 1, 2, 3a-c and 4. Defense Exhibits 1, 2, 3a-c and 4 are received by the Court. The Government argues that the individual present is Anthony Michael Lennon and Defense counsel argues that the Government has failed to meet its burden to prove defendant's identity. The Government briefly responds, and Judge Katz finds that the |

|  |  | fingerprint and photographic evidence, and the testimonial and other documentary evidence established probable cause to believe that defendant is Anthony Michael Lennon. The Court further finds that the Government has met its requirement as to the production of a certified copy of the arrest warrant under Fed. R. Crim. P. 5(c)(3)(d)(i). Judge Katz finds that considering the Indictment from the Western District of Oklahoma (Government Exhibit 9), there is no basis for a preliminary hearing. The Government moves for detention of the Defendant pending trial and proceeds by proffer as to the Defendant's risk of flight and danger to the community. The Government incorporates Government Exhibits 1 through 7 and offers Government Exhibit 8. Government Exhibit 8 is received by the Court. Defense Counsel argues for release of the Defendant on conditions. Judge Katz finds that the Government has met its burden of proof regarding risk of flight and danger, and orders that Defendant be remanded to the custody of the United States Marshal Service and committed to the Western District of Oklahoma. A written detention order will be issued. Appearances: Michael Perry and Michael Whalen, AUSAs for the Government; Gabrielle DiBella, AFPD for Defendant. USPO: Andrew Katko. (Court Reporter: Eileen McDonough. Time: 11:10 AM 12:34 PM). (kck) (Entered: 11/19/2025) |
| 11/19/2025 | 10 | GOVERNMENT'S IDENTITY/DETENTION HEARING EXHIBIT LIST and EXHIBITS as to Anthony Michael Lennon. (kck) (Entered: 11/19/2025) |
| 11/19/2025 | 11 | DEFENSE'S IDENTITY/DETENTION HEARING EXHIBIT LIST and EXHIBITS as to Anthony Michael Lennon. (kck) (Entered: 11/19/2025) |
| 11/19/2025 | 12 | ORDER OF DETENTION PENDING TRIAL as to Anthony Michael Lennon. Signed by U.S. Magistrate Judge Mitchell J. Katz on 11/19/2025. (kck) (Entered: 11/19/2025) |
| 11/19/2025 | 13 | COMMITMENT TO ANOTHER DISTRICT as to Anthony Michael Lennon. Defendant is committed to the Western District of Oklahoma. Signed by U.S. Magistrate Judge Mitchell J. Katz on 11/19/2025. (kck) (Entered: 11/19/2025) |
| 11/19/2025 |  | TEXT NOTICE to the Clerk, Western District of Oklahoma of a Rule 5, Rule 32, or Rule 40 Appearance as to Anthony Michael Lennon: Your case number is: 5:25-mj-626 (ALM). On 10/31/2025, Defendant appeared in the NDNY as a result of an arrest warrant issued. The defendant was seen for an Initial Appearance, an Identity Hearing and Detention Hearing and was remanded. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents. (kck) (Entered: 11/19/2025) |

AO 91 (rev.11/11) Criminal Complaint                    AUTHORIZED AND APPROVED DATE:_____

# United States District Court
### for the

_____ WESTERN _____   DISTRICT OF _____ OKLAHOMA _____

FILED
OCT 28 2025
JOAN KANE, CLERK
U.S. DIST. COURT
BY _____ WESTERN DIST. OKLA.
, DEPUTY

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) |
| | ) Case No: M-25- 626-AUM |
| ANTHONY MICHAEL LENNON, | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between in or about March 2012 and October 2025 in the county of Cleveland, in the Western District of Oklahoma and

elsewhere, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2250(a) | Failure to Register as a Sex Offender |

This criminal complaint is based on these facts:

See attached Affidavit of Deputy United States Marshal, Darrell Clark, United States Marshal Service, which is incorporated

and made a part hereof by reference.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Darrell Clark
Deputy United States Marshal
United States Marshal Service

Sworn to before me and signed in my presence.

Date: ___10/28/25___

City and State: Oklahoma City, Oklahoma

_____
*Judge's signature*

AMANDA L. MAXFIELD, U.S. Magistrate Judge
*Printed name and title*

## THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

### AFFIDAVIT IN SUPPORT OF COMPLAINT

1.       I, Darrell Clark, affiant herein being duly sworn, state that I am a Criminal

Investigator with the United States Department of Justice, United States Marshals Service

(USMS), assigned to the Western District of Oklahoma.  I have been employed with the

USMS since February 2007.   Throughout my tenure with the USMS, I have participated

in a variety of investigations.   I have received training in federal laws and regulations at

the Federal Law Enforcement Criminal Investigator Training Program as well as the USMS

Basic Deputy Training Academy.     I continually refer to State and Federal laws and

regulations, during the course of my duties, and work with other State and Federal

Agencies thus enhancing my knowledge and understanding of the State and Federal laws.

2.       I currently serve as the District Sex Offender Coordinator for the Western

District of Oklahoma.  My primary duties in this position are to investigate violations of

18 U.S.C. 2250, failure to register as a sex offender, commonly referred to as the Adam

Walsh Act.  Prior to filing this position, I attended the U.S. Marshals Sex Offender

Investigations Coordinator Training in July of 2011.  I have investigated cases involving

violations of 18 U.S.C. 2250 since completion of my training.

### FACTS SUPPORTING PROBABLE CAUSE:

3.       I am investigating Anthony LENNON for violations of 18 U.S.C. 2250,

failure to register as a sex offender.  LENNON was convicted in December of 2010 for two

counts of Aggravated Possession of Child Pornography, in violation of 21 O.S. § 1040.12,

and three counts of Possession of Child Pornography, in violation of 21 O.S. § 1024.2. LENNON is required to register as a sex offender based on this conviction. LENNON was sentenced to a total of 25 years of prison, suspended.

4.     On March 12, 2012, The Moore Police Department contact the U.S. Marshal Service for assistance on locating Anthony LENNON. LENNON was a convicted sex offender who is required to register as a sex offender and was also wanted for new child pornography charges and was facing an additional 25-year prison term for violation of his suspended sentence.

5.     I have reviewed U.S. Marshal reports documenting the investigation of LENNON. I discovered that on March 12, 2012, Detectives with Moore PD received a call from a hotel owner where LENNON was employed. The detectives who were called to the scene were informed that LENNON disappeared sometime in the nighttime hours of March 11 or 12, 2012.

6.     Detectives noticed a pool of blood, LENNON'S shoe, shirt buttons, bloody shoe prints, and money missing from the hotel money drawer. After examining the crime scene, interviewing family members, friends, and individuals in the community, it was determined that the circumstances were suspicious.

7.     I reviewed U.S. Marshal reports and found that at the time of U.S. Marshal request for assistance, it was a known fact that LENNON had a warrant for his arrest issued March 7, 2012, for eight counts of Possession of Child Pornography. Also, LENNON and his family were under the understanding that LENNON would go back to prison for violation of his probation.

8.     Information was discovered by the U.S. Marshal's office that LENNON emptied his bank accounts on March 11, 2012. At the time of this transaction, LENNON told the tellers that he was in trouble with the law and needed all his money.

9.     The U.S. Marshal Service has consulted with crime scene experts, and it was determined that the scene from the hotel appeared to have been staged.

10.     I was informed that LENNON appears to have fled the State of Oklahoma and the Western District of Oklahoma.  In February of 2020, LENNON'S Amazon account was accessed in North Carolina.  An item, a phone charger, was placed into the purchase cart.

11.     Under SORNA, Sex Offender Registration and Notification Act, and state registration requirements, LENNON is required to notify the State of Oklahoma of any intentions to leave the state prior to his departure from Oklahoma.

12.     In ongoing attempts to locate LENNON, the U.S. Marshal Service did a media release in 2022 in the Dallas Metro area around an A-Con event.  Patrons of the event stated that they believed they had seen LENNON.  These sightings place LENNON outside the State of Oklahoma.

13.     I reviewed LENNON'S criminal history and court documents and determined that LENNON is required to register as a sex offender based on his conviction for possession of and aggravated possession of child pornography.  LENNON'S conviction took place in Cleveland County in December of 2010 with court case number CF-2008-1255.  LENNON was convicted on five counts for violations of 21 O.S. 1040.12a.

14.     I obtained and reviewed the registration forms that LENNON had signed acknowledging his duty to register. LENNON initially registered with the Moore Police Department on January 3, 2011. LENNON reported residing at 727 SW 3rd Street, Moore, Oklahoma 73160, in the Western District of Oklahoma.

15.     In addition, I received a copy of the Oklahoma Department of Corrections Letter of Notice of Registration which informed LENNON of his duty to register. LENNON was instructed that he would be required to register as a sex offender until the year 2050.

16.     LENNON'S was sentenced to a term of suspended sentence, which is similar to a term of probation. LENNON is required to register as a sex offender for a term following the completion of his suspended sentence.

17.     Recently discovered information identified LENNON, using an alias, has made multiple attempts to obtain a United States passport. LENNON has already obtained a state ID, birth certificate, and enrolled in a university under his alias. His current location places him in the State of New York.

18.     I conducted record searches in NCIC, Department of Oklahoma Sex Offender Registry, and The National Sex Offender Registry. No information was found showing LENNON is currently registered as a sex offender.

19.     Based on the above information, LENNON is in violation of 18 U.S.C. 2250: 1) LENNON was convicted of a sex offense which requires him to register as a sex offender under SORNA. 2) LENNON traveled in interstate commerce from Oklahoma to North Carolina and New York.  3) LENNON knowingly failed to register as a sex offender. 4)

LENNON has not registered as a sex offender anywhere since 2011. 5) LENNON failed to notify the State of Oklahoma about his planned departure from the state.

_____
Darrell Clark
Deputy United States Marshal
United States Marshal Service

Subscribed and sworn to before me this 28th day of October 2025.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 2 8 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
         -vs-                    )        No. MJ-25- 626- ALM
                                 )
ANTHONY MICHAEL LENNON,          )
                                 )
              Defendant.         )

**MOTION TO SEAL COMPLAINT AND AFFIDAVIT**

Pursuant to Local Criminal Rules 4.1 and 12.2, the United States respectfully moves

for an Order sealing the Complaint, Affidavit, and Arrest Warrant, as well as this motion

and any sealing order, until Defendant's initial appearance or further order of the Court.

The United States Mashal Service is still conducting its investigation.  Exposure at

this time of the evidence, the identities of witnesses, and other matters in the Affidavit will

hamper the investigation.

The Court has the authority to seal documents in appropriate circumstances.  *United

States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997); *Matter of Search of 1638 E. 2nd

Street, Tulsa, Okla.*, 993 F.2d 773, 775 (10th Cir. 1993).

Therefore, the United States moves for an order sealing the Complaint, Affidavit, and Arrest Warrant, as well as this motion and any sealing order.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney


s\TIFFANY EDGMON                    
Assistant U.S. Attorney
Bar No. 32843
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Tiffany.Edgmon@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

FILED

OCT 2 8 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. MJ-25- 626-ACM |
| | ) | |
| ANTHONY MICHAEL LENNON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SEALING COMPLAINT AND AFFIDAVIT**

On this 28th day of October, 2025, for the reasons given in the government's

Motion to Seal,

IT IS ORDERED that the Complaint, Affidavit, and Arrest Warrant in this matter,

together with this Order and the Motion to Seal, be filed in the Office of the Clerk of this

Court under seal, so as not to become matters of public record in this Court, until

Defendant's initial appearance or further order of the Court.

Amanda L. Maxfield
United States Magistrate Judge

CM/ECF LIVE - U.S. District Court:okwd                                    https://okwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?18117026834846-L_1_0-1

Case 5:25-cr-00470-SLP    Document 10    Filed 12/04/25    Page 14 of 26
Case 5:25-mj-00306-MJK    Document 1-5    Filed 10/31/25    Page 1 of 2

# U.S. District Court
## Western District of Oklahoma[LIVE] (Oklahoma City)
## CRIMINAL DOCKET FOR CASE #: 5:25-mj-00626-ALM-1

Case title: United States of America v. Lennon               Date Filed: 10/28/2025

---

Assigned to: Magistrate Judge Amanda
Leigh Maxfield

**Defendant (1)**

**Anthony Michael Lennon**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:2250(a) FAILURE TO REGISTER AS A SEX OFFENDER | |

---

**Plaintiff**

**United States of America**          represented by   **Tiffany Edgmon**
DOJ-USAO
210 Park Avenue
Suite 400
Oklahoma City, OK 73102
405-553-8851
Email: tiffany.noble@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

CM/ECF LIVE - U.S. District Court:okwd                                    https://okwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?18117026834846-L_1_0-1

Case 5:25-cr-00470-SLP    Document 10    Filed 12/04/25    Page 15 of 26
Case 5:25-mj-00366-MLK    Document 1-5    Filed 10/31/25    Page 2 of 2

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2025 | 1 | COMPLAINT as to Anthony Michael Lennon (1). (Attachments: # 1 Criminal Cover Sheet) (rb) (Entered: 10/31/2025) |
| 10/28/2025 | 3 | MOTION to Seal Complaint by United States of America as to Anthony Michael Lennon. (rb) (Entered: 10/31/2025) |
| 10/28/2025 | 4 | ORDER granting 3 Motion to Seal Complaint as to Anthony Michael Lennon (1). Signed by Magistrate Judge Amanda Leigh Maxfield on 10/28/2025. (rb) (Entered: 10/31/2025) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

**ANTHONY MICHAEL LENNON**
                    Defendant.

5:25-MJ-360 (MJK)

<u>ORDER</u>

---

MITCHELL J. KATZ, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future.  These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

    (1) specify the terms and conditions of such production;

    (2) grant a continuance;

    (3) impose evidentiary sanctions;

    (4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

    (5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

    (6) enter any other order that is just under the circumstances.

Dated: October 31st, 2025

Mitchell J. Katz
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,

-v-             CASE NO. 5:25-MJ-0360 (MJK)

ANTHONY MICHAEL LENNON,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>NOTICE OF APPEARANCE</u>

### OFFICE OF THE FEDERAL PUBLIC DEFENDER

☒ I, the undersigned, hereby appear as Attorney of Record on behalf of the defendant in the above-entitled action, **for the proceedings in this district only**. The Defendant invokes his/her Fifth and Sixth Amendment Rights to silence and representation by counsel. The Defendant refuses to be questioned or interviewed by anyone without the advice and presence of the undersigned counsel, whether regarding this case or any other investigation. **The Defendant hereby revokes any and all prior consent given to the Government and its agents.**

~ ~ ~ ~ ~

☒ I will appear as counsel for the Defendant. This is the first appearance of counsel from the Office of the Federal Public Defender.

☐ Please accept my appearance as co-counsel for the Defendant with, _____ who previously appeared from the Office of the Federal Public Defender.

I certify that I have either completed six credit hours in federal criminal defense continuing education within the past two years or, if not, that I will do so within 30 days from filing this notice of appearance.

I further certify that I am registered for Electronic Case Filing and am familiar with General Order #22.

| | |
|---|---|
|  Gabrielle DiBella, Esq. | */s/ Gabrielle DiBella, Esq.* |
| Name (Printed) | (Signature) |

| |
|---|
|  November 3, 2025 |
| (Date) |

cc: United States Attorney's Office (via ECF)

# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Albany Office

54 State St.
3RD FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

November 4, 2025

Hon. Mitchell J. Katz
United States Magistrate Judge
100 S. Clinton St.
Syracuse, NY 13261

**RE:    United States v. Anthony Michael Lennon**
**Case No.: 25-mj-360 (MJK)**

Dear Judge Katz:

On October 31, 2025, this matter was scheduled for an initial appearance. On that date, the initial appearance was adjourned until November 5, 2025 at 8:30 a.m. I am writing to request an additional adjournment of the initial appearance, identity hearing, and detention hearing until November 19th, 2025. Please be advised that I have spoken with my client about this request, and he consents to my request for an adjournment.

Thank you,

Gabrielle DiBella
Asst. Federal Public Defender

# UNITED STATES DISTRICT COURT
### for the
## NORTHERN DISTRICT OF NEW YORK

United States of America

v.                                    Case No.    5:25-mj-360

Anthony Michael Lennon

## ORDER OF DETENTION PENDING TRIAL

### Part I – Description of Charge

On October 31, 2025, Defendant made an initial appearance in this Court on an Indictment. The offense(s) charged is/are as follows:

Defendant is charged by an Indictment with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a).

### Part II – Pretrial Services Report

Pretrial Services did ☐ did not ☒ interview Defendant.
1. Defendant declined to be interviewed. Pretrial Services provided a written report.
2. If the Report was written, Counsel did ☒ did not ☐ review that report.
3. If Counsel reviewed the Report, they requested the following changes to the report: NA

### Part III – Eligibility of Detention

Upon the

A. ☒ Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because Defendant is charged with:

1. ☐ a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

2. ☐ an offense for which the maximum sentence is life imprisonment or death; **or**

3. ☐ an offense for which a maximum sentence of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

4. ☐ any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

5. ☒ any felony that is not otherwise a crime of violence but involves:

      a. ☐ a minor victim;

      b. ☐ the possession of a firearm or destruction device (as defined in 18 U.S.C. § 921);

      c. ☐ any other dangerous weapon; or

      d. ☒ a failure to register under 18 U.S.C. § 2250;

**OR**

B. ☐ Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

1. ☐ a serious risk that Defendant will flee if released; or

2. ☐ a serious risk that Defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part IV – Findings of Fact and Law as to Presumptions under § 3142(e)

**A. ☐ Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (previous violator): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

1. ☐ Defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

      a. ☐ a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    b.  ☐ an offense for which the maximum sentence is life imprisonment or death; **or**

    c.  ☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

    d.  ☐ any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

    e.  ☐ any felony that is not otherwise a crime of violence that involves:

        i.  a minor victim;

        ii.  the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921);

        iii.  any other dangerous weapon;

        iv.  a failure to register under 18 U.S.C. § 2250; **and**

2.  ☐ Defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

3.  ☐ the offense described in paragraph (2) above for which Defendant has been convicted was committed while Defendant was on release pending trial for a federal, State, or local offense; **and**

4.  ☐ a period of not more than five years has elapsed since Date of conviction, or the release of Defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

**B.**  ☐ **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (narcotics, firearm, other offenses): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that Defendant committed one or more of the following offenses:

1.  ☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

Case 5:25-cr-00470-SLP   Document 19   Filed 12/04/25   Page 23 of 26
Case 5:25-mj-00360-MJK   Document 12   Filed 11/13/25   Page 4 of 6

AO 472 (Rev. 1/25) Order of Detention Pending Trial

2. ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

3. ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

4. ☐ an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

5. ☐ an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**C.  ☐ Conclusions Regarding Applicability of Any Presumption Established Above**

☐ Defendant has not introduced sufficient evidence to rebut the presumption above
**OR**
☐ Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part V – Analysis and Statement of the Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of Defendant's alleged conduct, Defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at Detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that Defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

☒ Weight of evidence against Defendant is strong.

☒ Subject to lengthy period of incarceration if convicted.

☒ Lack of significant family or other ties to the community.

☒ Significant family or other ties outside the United States.

☐ Lack of legal status in the United States.

☐ Subject to removal or deportation after serving any period of incarceration.

☐ Lack of stable residence.

☐ Lack of stable employment.

☐ Lack of financially responsible sureties.

☒ Prior attempt(s) to evade law enforcement.

☒ Use of alias(es) or false documents.

☐ History of alcohol or substance abuse.

☒ Prior criminal history.

☐ History of violence or use of weapons.

☒ Prior violations of probation, parole, or supervised release.

☒ Prior failure to appear in court as ordered.

☒ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.

☐ Participation in criminal activity while on probation, parole, or supervision.

☒ Defendant's release poses serious danger to any person or the community.

OTHER REASONS FOR FURTHER EXPLANATION

The Court considered the Complaint, Indictment, Arrest Warrant, Pretrial Services Report, Government Exhibits 1 – 9, Defendant's Exhibits D-1 – D-4, the testimony of Deputy Marshal Colin Joyce, and the proffers and arguments of counsel. The Court incorporates its on the record findings. Notably, the defendant absconded in 2012 and has been subject to a bench warrant issued by the Cleveland County Court, Norman, Oklahoma since that time. He allegedly emptied his bank accounts and the next day staged a crime scene in at his place of employment in Oklahoma. Using an alias, he made several attempts to apply for a US Passport. He was found to be living, and attending college, in St. Lawrence County, NY, under an alias. He did not register as a sex offender in New York. He is facing 25 years in prison for the Oklahoma conviction, plus time for the instant offense. It appears that since 2012, he has not registered as a sex offense wherever he has been living.

Having found that Defendant presents a risk of flight and/or danger to the community, the Court must determine whether (despite this risk and/or danger) there is any condition or combination of conditions that could reasonably ensure Defendant's return to the Court and/or the safety of the community[1]. The Court has carefully considered the alternatives to detention, but,

---

[1] A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).

AO 472 (Rev. 1/25) Order of Detention Pending Trial

given the findings set forth above, concludes that none of these alternatives are appropriate, or will reasonably ensure Defendant's return to court ☒ and/or the safety of the community ☒.

## Part VI – Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Digitally signed by
Mitchell J Katz
Date: 2025.11.19 14:01:52
-05'00'

November 19, 2025
Date

Hon. Mitchell J. Katz
U.S. Magistrate Judge

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Northern District of New York

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Nov 19 - 2025**

John M. Domurad, Clerk

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Anthony Michael Lennon | ) | Case No.   5:25-mj-360 (MJK |
| | ) | |
| _____ | ) | Charging District's |
| *Defendant* | ) | Case No.   5:25-mj-626 (ALM) |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___Western___ District of ___Oklahoma___,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant:    ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   _____11/19/2025_____

_____
*Judge's signature*

_____Hon. Mitchell J. Katz, U.S. Magistrate Judge_____
*Printed name and title*