**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: CR-25-470-SLP |
| | ) | |
| ANTHONY MICHAEL LENNON, | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT, ANTHONY MICHAEL LENNON'S,
OMNIBUS MOTION IN LIMINE**

COMES NOW, Anthony Michael Lennon, through undersigned counsel, Traci L. Rhone, respectfully requests that this Court to exclude the following evidence and provides the reasons it should be excluded:

**PRIOR ACTS**

Prohibit the government from presenting evidence concerning Mr. Lennon' prior uncharged acts or crimes. Federal Rules of Evidence establishes that evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Rule 404(b) prohibits use of other crimes wrongs or acts to show such character. The test for determining whether admission of Rule 404(b) evidence is proper consists of the following: 1) is the evidence offered for a proper purpose; 2) is the evidence relevant; 3) is the probative value of the evidence substantially outweighed by it potential for unfair prejudice; 4) will a limiting instruction guide the jury

in the proper use of the evidence. *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006), cert. denied, 551 U.S. 1162 (2007).

In the instant case, introducing evidence Mr. Lennon's prior uncharged acts or alleged criminal conduct for passport fraud or alleged incident of faking his death will only serve to introduce information of Mr. Lennon's bad character into his trial via these other crimes, wrongs, or acts in an attempt to establish that he acted in conformity therewith on the dates of the charged crime. This is an improper use of such evidence; any probative value outweighs its relevance to the instant offense, and no limiting instruction will remedy its use. Such notice is only sufficient if the Government "articulate[s] precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). The Government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case. *See id*. It is not sufficient to state merely that the other act will be offered for one of the enumerated purposes. Instead, the government must show precisely how the fact of consequence may be inferred from the other acts evidence.

Finally, Rule 403 of the Federal Rules of Evidence establishes that even relevant evidence must be excluded from trial when its probative value is substantially outweighed by the danger of unfair prejudice. The probative value of the above-mentioned evidence is substantially outweighed by the danger of unfair prejudice. The prejudicial impact of this evidence is even more pronounced given the other charges in the indictment; however, Mr.

Lennon submits that if this honorable Court finds that there may be some relevance to the some or all of the above evidence then that evidence should still be excluded as being unfairly prejudicial. Evidence is unfairly prejudicial when it "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

## LIMIT CROSS EXAMINATION

Trial courts have "wide discretion to impose limitations on the cross examination of witnesses" about prior criminal conduct under Federal Rules of Evidence 608, 609, and 403. *See United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002). This discretion extends to precluding cross-examination of an accused. *See United States v. Palumbo*, 401 F.2d 270, 273-74 (2d Cir. 1968); *Luck v. United States*, 348 F.2d 763, 768 (D.C. Cir. 1965). The court may rule pretrial to guide the parties' trial strategy. *See, e.g., Luck*, 348 F.2d at 768 ("A defendant who is considering whether or not to testify on his own behalf may want, if possible, to know to what extent the trial judge will permit him to be impeached by his past record."); *United States v. Agostini*, 280 F. Supp. 2d 260 (S.D.N.Y. 2003); *United States v. Alfonso*, 1995 WL 276198 (S.D.N.Y. 1995); *United States v. Harris*, 512 F. Supp. 1174 (D. Conn. 1981). Here, Mr. Lennon seeks a pretrial ruling precluding cross-examination about certain of his prior behavior that we believe would have minimal probative value on the issue of his truthfulness but would be highly prejudicial.

## CRIMINAL MATTERS IN OTHER JURISDICTIONS

Preclude the government from the introduction or mention of Mr. Lennon's alleged pending matters outstanding in other State or Federal jurisdictions during the trial;

Mr. Lennon has not been charged for criminal matters other than in the Western District of Oklahoma jurisdiction and the State of Oklahoma; Rule 404 – of the Federal Rules of Evidence establishes that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character;

In the instant case, introducing evidence of Mr. Lennon's alleged or pending criminal matters in other jurisdictions will only serve to introduce evidence of Mr. Lennon's character into his trial to establish that he acted in conformity therewith on the date of the charged crime. Accordingly, this evidence should be excluded under Rule 404;

Even if the Court finds there is a nexus between those matters outside the State of Oklahoma and/or the Western District of Oklahoma and the present allegations, Rule 403 of the Federal Rules of Evidence establishes that even relevant evidence must be excluded from trial when its probative value is substantially outweighed by the danger of unfair prejudice;

Mr. Lennon submits that if this Court determines that there may be some relevance to other allegations then that evidence should still be excluded as being unfairly prejudicial. There is no serious probative value to this evidence if introduced, but the prejudicial effect is clear. To allow the Government to link Mr. Lennon to unadjudicated crimes in other jurisdictions, is to predispose the jury to a finding of guilt regardless of the substantive

evidence in the charged crime. Accordingly, if this evidence is not excluded under Rule 404 then it should be excluded under Rule 403.

## UNNOTICED PRIOR ACTS OF DEFENDANT

Preclude the government from the introduction or mention of any prior acts of Mr. Lennon's other crimes, wrongs, or acts that was not noticed under Rule 404, during the trial; Federal Rule of Evidence 404(b) requires the government to provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. Fed. R. Evid. 404(b). The notice requirement is triggered when timely requested by the defendant. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Notice is only sufficient if the government "articulate[s] *precisely the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added).

The government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case. *See id.* It is not sufficient to state merely that the other act will be offered for one of the enumerated purposes. Instead, the government must state precisely how the fact of consequence may be inferred from the other acts evidence.

## DISPLAY OF EXHIBITS

Mr. Lennon would further request that photographs and any actual exhibits alleged to be found in connection with my client should not be left on permanent display before the jury throughout the trial. Mr. Lennon would request that such evidence be kept out of view of the jury when not being published or used as an exhibit during the examination of

witnesses. Leaving the evidence constantly in view of the jurors is distracting from testimony and significantly more prejudicial than probative. Federal Rules of Evidence Rule 403.

## EXCLUDE GOVERNMENT WITNESSES FROM THE COURTROOM

Federal Rule of Evidence 615 directs the Court to exclude witnesses from the courtroom unless their presence is shown "to be essential to the presentation of the party's cause" or the person is authorized by statute to be present. Fed. R. Evid. 615. Therefore, the Government's witnesses should be excluded from the courtroom.

## LIMIT EXPERT WITNESS TESTIMONY

Undersigned counsel submits that any individual anticipated to be called as an expert witness by the government (Doc. 33) be precluded from testifying if and until a determination has been made establishing that individual as an expert.

The witness testimony is irrelevant to any material fact at issue in this case and should be excluded pursuant Rule 402, FED. R. EVID. Even if the government maintains this evidence is relevant for some purpose, it should be excluded pursuant Rule 403, FED. R. EVID. Since presentation of this information will require the testimony of an expert witness, the question of admissibility must be determined in accordance with Rule 702, FED. R. EVID.. The testimony of the expert regarding the challenged evidence will not assist the jury in understanding the evidence or determining a fact in issue. Counsel for Mr. Lennon request a pretrial determination of the admissibility of this evidence pursuant Rule 104, FED. R. EVID.

## PROHIBIT GOVERNMENT REFERENCES

Mr. Lennon requests that the prosecution not identify itself as "representing the people of the United States" but as the "Government" or similar neutral term. Neither party represents the "people". The Plaintiff serves herein as Prosecutor. To be permitted to use that term gives it greater gravamen and significance, which is misleading and materially prejudicial to the accused citizen.

## ADMONISH GOVERNMENT WITNESSES

Mr. Lennon requests that the Court enter an order, which requires the Government to admonish each of its witnesses as to the content of the Court's order regarding this Motion in Limine in order to avoid an inadvertent expression of things prohibited in that order, and a possible mistrial.

## GRANT LEAVE TO FILE FURTHER MOTIONS IN LIMINE

As new information surfaces due to the Government providing other discovery in response to these motions, those previously filed, or this Court's orders, the defense may need to file further motions. Therefore, defense counsel requests the opportunity to file further motions.

## REQUEST TO PERMIT ATTORNEY CONDUCTED VOIR DIRE

Pursuant to Federal Rule of Criminal Procedure 24(a), to provide effective assistance of counsel and to exercise Mr. Lennon's right to trial by an impartial jury, defense counsel requests the opportunity to personally *voir dire* the prospective members of the jury.

Wherefore counsel for Ronnie Allen Barton requests, for all of the above reasons, that this Honorable Court grant the instant motion.

Respectfully submitted,

s/ *Traci L. Rhone*
TRACI L. RHONE
ASSISTANT FEDERAL PUBLIC DEFENDER
Oklahoma Bar Number: 19285
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930
Facsimile: 405-609-5932
E-Mail: traci_rhone@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, April 7, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Tiffany Edgmon and Angela Ganote, Assistant United States Attorneys**

s/ *Traci L. Rhone*
Traci L. Rhone