**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: CR-25-470-SLP |
| | ) | |
| ANTHONY MICHAEL LENNON, | ) | |
| | ) | |
| *Defendant*. | ) | |

**<u>DEFENDANT, ANTHONY MICHAEL LENNON'S,
RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO
ADMIT EVIDENCE AS INTRINSIC OR AS RULE 404(b) EVIDENCE</u>**

COMES NOW, Anthony Michael Lennon, through undersigned counsel, Traci L.

Rhone, in response and opposition to the government's Motion In Limine to Admit

Evidence as Intrinsic or as Rule 404(b) Evidence (Doc. 30), and moves this Court to order

the Government and all of the Government's witnesses to refrain from directly or indirectly

mentioning, suggesting, inquiring about, eliciting, introducing or arguing in any way in the

Government's opening statement, direct or cross-examinations, responses to direct or

cross-examinations, statements, objections, or by any other means or device throughout the

trial of this case, evidence of those acts described in the Government's *Motion*, and any

other crimes, wrongs or bad acts referenced in the discovery but not specifically noticed by

the Government.

The majority of the Government's motion in limine is simply part of the

Government's attempt to unfairly stack the deck against Mr. Lennon. This includes its

desire to introduce evidence of Mr. Lennon's passport applications, interstate travel, multiple surnames, and his adoption matter, all serve to put Mr. Lennon's character into evidence. It is also unclear what evidence the Government seeks to admit. In its Motion, the Government makes much to do about evidence of Mr. Lennon and alleged passport fraud and related crimes/bad acts. Later the Government references Mr. Lennon's prior conviction for child pornography and pending revocation. The probative value of this evidence is limited and the Government's justification for why it needs much of the evidence is meager or contradicted by theories the government has offered elsewhere.

On the other hand, the probative value of the evidence is substantially outweighed by the dangers it presents. The evidence is unduly prejudicial because it paints Mr. Lennon in a bad light and invites the jury to convict him on the basis of his propensity to be a serial criminal, or simply because he is an unsavory person. The evidence is also likely to confuse the issues and mislead the jury as many of the prior events are not charged or substantiated and are disputed by Mr. Lennon. The evidence is also likely to cause undue delay and waste time because each issue will require a mini-trial.

<strong>ARGUMENT AND AUTHORITIES</strong>

**A. The proposed evidence is not res gestae evidence.**

Evidence of other crimes or bad acts is not admissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Res gestae evidence is a narrow exception to

the general proscription on other bad acts evidence. Evidence of other crimes or bad acts is res gestae of the crime charged when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). Res gestae evidence is that evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the 'res gestae' " *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quoting *United states v. Masters*, 622 F.2d 83, 86 (10th Cir. 1980)).

The Government's proposed evidence concerning alleged incidents of passport fraud that occurred anywhere from 6 months to 5 years after the charged conduct is not res gestae evidence. This evidence is too remote from the instant offense, both in time and circumstance, to be characterized as "part and parcel of the offense charged" or part of the "immediate context." *Kimball*, 73 F.3d at 272. Evidence of the charged conduct can be adequately presented without introduction of testimony regarding the other referenced incidents without rendering any witness' testimony "confusing and incomplete." *Piette*, 45 F.4th at 1155.

The Government's attempt to introduce Mr. Lennon's passport applications, associated investigations and subsequent adoption under the guise that the jury needs to

6

know the context of Mr. Lennon's alleged efforts to adopt a new identity and live undetected is unsupported.

To begin, it is clear from the Government's own evidence that the person they purport to be Mr. Lennon lived boldly and openly in the public eye. There were multiple applications for a passport that required identification, documentation and verification for submission. There were multiple roommates who could confirm his presence and identity, at least one application for a State identification card, people who were willing to confirm his identity with notarized affidavits, dental records, submission to fingerprinting, a wife and a fiancé who could also confirm identity. All of this information accessible to the Government is contrary to its theory of Mr. Lennon's efforts to conceal his identity and avoid apprehension (Doc. At 7).

**B. Evidence of the prior alleged bad acts are not admissible under Fed. R. Evid. 404(b).**

Evidence of other crimes or bad acts is inadmissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for other purposes, such as to demonstrate motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b) (2). Evidence is admissible under Rule 404(b) so long as the following factors are satisfied:

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair

7

prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

The Government contends that testimony regarding Defendant's alleged passport fraud and other "sundry of crimes and bad acts," is admissible as evidence of Defendant's extensive efforts to adopt a new identity and live undetected during the time period he failed to register as sex offender anywhere from 6 months to 5 years after the charged conduct (Doc. 6). The Government argues this evidence is relevant to the issues of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. On the contrary, evidence of the alleged passport fraud and other "sundry of crimes and bad acts" is irrelevant because, given that the allegations occurred anywhere from 6 months to 5 years after the charged conduct, it sheds no light on the Government's theory of intent to conceal identity and avoid apprehension.

Further, the Government's intent to introduce evidence of Mr. Lennon's prior conviction for child pornography is not needed as he will stipulate that Mr. Lennon has a prior conviction which will satisfy the element requirement. To admit evidence Mr. Lennon has a pending revocation for "the same offense again" to show motive to flee and avoid detection is not supported. This would serve as improper propensity evidence that is prohibited by 404(b). Lastly, the danger of unfair prejudice substantially outweighs any probative value the proposed evidence may have.

8

The Government purports to offer evidence of other crimes or bad acts "for a proper purpose" under Fed. R. Evid. 404(b), contending that the evidence would go to Mr. Lennon's motive and state of mind. *Moran*, 503 F.3d at 1144. However, any relevance that the alleged passport fraud and other crimes may have regarding Mr. Lennon's motive or state of mind is minimal, given that the prior incident occurred anywhere from 6 months to 5 years after the charged conduct and his willingness to stipulate to the prior conviction. States of mind are generally fleeting, and common sense dictates that one's state of mind is unlikely to persist unchanged over a period of anywhere from 6 months to 5 years.

### C. The evidence is not relevant.

Evidence which is not relevant is not admissible at trial.  *See* Fed. R. Evid. 402.  The prior incidents cited by the Government in its notice and referenced in the discovery do not in any way "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.

Pursuant Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  "The reason for the rule is that such character evidence is of slight probative value and tends to distract the trier of fact from the main question of what actually happened on a particular occasion."  *See Jones v. Southern Pacific R.R.*, 962 F.2d 447, 449 (5th Cir. 1992).

9

Rule 404(b) is designed to address two main concerns: "(1) that the jury may convict a 'bad man' who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes he probably committed the crime charged." *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979).

The Government is required to identify the specific purpose for which it is offering the bad acts evidence. *See United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). The Court will then determine whether that specific purpose is "material" or "in issue" in the case. If the Court finds it is, the Court will determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.* at 1076-77.

Without a proper purpose under Rule 404(b), the evidence reverts to simple propensity evidence. Such evidence is excluded by the operation of Rule 404(b)(1): "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Furthermore, the prosecution has offered absolutely nothing to show any similarity between the facts of the alleged passport fraud and other crimes/bad acts and the facts of the instant case. Admissibility under Rule 404(b) requires the prior conduct to "share similarity with the charged crime." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir.

10

2006).  Similarity can be demonstrated through "physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses." *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (internal quotation omitted).  This Court weighs non-exclusive factors to include (1) temporal proximity; (2) geographical proximity; (3) shared physical elements between the charged offense and prior acts; (4) whether the charged offense and prior act are part of a common scheme.  *Mares*, 441 F.3d at 1158.

There is no proper purpose under Rule 404(b) served by introducing evidence of alleged passport fraud and other related crimes/bad acts.  There is nothing similar between the alleged conduct and charged offense. The acts were completed anywhere from 6 months to 5 years apart in time, completed in different states (Oklahoma vs. Nevada and Illinois), in different parts of the country (Midwest vs. West Coast), involved different offenses (fraud vs. sex offense) with no shared similarities in the crimes and were not part of a common scheme.  Alleged passport fraud and related crimes/bad acts, bear no relation to the alleged failure to register as a sex offender in Norman, Oklahoma.  There is no common scheme or plan between the acts.

While both allegedly involved Mr. Lennon the crimes are dramatically different. The Government has failed to identify a proper purpose for introducing evidence Mr. Lennon was allegedly involved in passport fraud and related crimes/bad acts in Las Vegas,

11

Nevada and Evanston, Illinois to the alleged failure to register as a sex offender in Norman, Oklahoma.

Simply put, the Government is overreaching in this Rule 404(b) attempt.

The danger of unfair prejudice in this case is clear.  The government is attempting to introduce evidence which will show Mr. Lennon is a serial criminal offender.  A Western District of Oklahoma jury will hear evidence that Mr. Lennon was allegedly involved in committing multiple crimes for over a decade. Not only will the jury hear about these crimes/bad acts of marginal probative value, but they will also infer he is a serial criminal offender and therefore guilty in this case.

Even if there were some slight probative value in his alleged conduct, admission of the alleged conduct would be unduly prejudicial.  "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Moran* at 1145 (internal citation omitted).  Introducing Mr. Lennon's alleged conduct would "lure jurors into 'a sequence of bad character reasoning,'" which is prohibited under the evidence rules. *See United States v. Blake*, 107 F.3d 651, 652 (8th Cir. 1997).

The nature or substance of the alleged uncharged or convicted conduct is irrelevant and prejudicial and should be excluded, the jury should only be informed of the DNA and/or fingerprint comparison evidence associated with Mr. Lennon. *See United States v.*

*Wacker*, 72 F.3d 1453, 1472-73 (10th Cir. 1995); *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

> Such improper grounds certainly include the one that Old Chief points to here: generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). As then–Judge Breyer put it, "Although ...'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment – creates a prejudicial effect that outweighs ordinary relevance."

*Old Chief*, 519 U.S. at 180-81, 117 S.Ct. at 650 (internal citation omitted).

In *United States v. Torres-Gonzalez*, 570 F.Supp.2d 217 (D.P.R. 2008), the Government claimed evidence of the defendant's prior conviction was admissible under Rule 404(b) to show knowledge, intent, lack of mistake or accident, plan and preparation. The Government also alleged the defendant's prior conviction was relevant to rebut his claim that possession was accidental, mistaken or innocent. *Torres-Gonzalez* at 219. The Court disagreed and found that the relevance of the nature of the prior conviction could not outweigh its prejudice. *Id.* "Admitting evidence of Defendant's prior firearm possession convictions would prejudice the jury because it would portray Defendant as an individual who has a propensity to use firearms." *Id.* at 220. In this case the evidence is even more prejudicial because Mr. Lennon has not been charged or convicted of the alleged crimes/bad acts conduct sought to be admitted. The jury is left with the inference that he is a serial offender running amuck in the community.

**D. A limiting instruction will not cure the harm.**

13

The evidence the Government seeks to admit is emotionally inflammatory, and such prejudice is unlikely to be cured by any limiting instruction the Court may give. Any testimony or evidence related to the Government's motion in limine should be inadmissible under Fed. R. Evid. 404(b).

### E. Prejudicial effect of Impeachment does not outweigh probative value

If Mr. Lennon exercises his constitutional right to testify, this Court will have to determine whether the prejudicial effect of impeachment outweighs any probative value or relevance of the prior conviction as it relates to credibility. *See e.g., United States v. Clifton*, 406 F.3d 1173, 1178 (10th Cir. 2005); *see also* Fed. R. Evid. 609(a)(1). The Tenth Circuit takes the position that "proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant." *See United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978). "The trial court is not required to allow impeachment by prior conviction every time a defendant takes the stand in his own defense." *See Gordon v. United States*, 383 F.2d 936, 939 (D.C. Cir. 1967). "The impact of criminal convictions will often be damaging to an accused and it is admittedly difficult to restrict its impact, by cautionary instructions, to the issue of credibility." *Id.*

Further, "[e]ven though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he

14

may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment." *Id.*

Here, there is no proper purpose or immediate relevance; it is simply not probative. In light of the highly prejudicial nature of the prior acts, the evidence's danger of unfair prejudice substantially outweighs its probative value.

WHEREFORE, Mr. Lennon prays that this Court will deny the Government's Motion In Limine and issue a pretrial ruling refraining the Government and Government's witnesses from mentioning the matters discussed herein, and further, that the Government be ordered to approach the bench for a ruling before attempting to introduce any of the foregoing matters. These other acts are prohibited from admission at trial under the Federal Rules of Evidence, as they are irrelevant, highly prejudicial, not probative, and misleading and confusing to the jury. *See* Fed. R. Evid. 401, 402, 403, and 404(b) and do not qualify as intrinsic evidence. The Government seeks to present such evidence solely for propensity purposes, and as such, this evidence is inadmissible at trial.

Respectfully submitted,


s/ *Traci L. Rhone*
TRACI L. RHONE
ASSISTANT FEDERAL PUBLIC DEFENDER
Oklahoma Bar Number: 19285
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930

15

Facsimile: 405-609-5932
E-Mail: traci_rhone@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, April 8, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Tiffany Edgmon and Angela Ganote, Assistant United States Attorneys**

s/ *Traci L. Rhone*
Traci L. Rhone

16