**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: CR-25-470-SLP |
| | ) | |
| ANTHONY MICHAEL LENNON, | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S OBJECTION TO UNITED STATES' NOTICE OF
EXPERT WITNESS**

COMES NOW Defendant Anthony Michael Lennon, through undersigned counsel, Traci L. Rhone, and hereby objects to the Government's Notice of Expert Witness (Doc 33) as set forth below.  Mr. Lennon objects to the notice as insufficient under the Federal Rules of Evidence 702 and requests a *Daubert* hearing.

The notice fails to provide any real basis for some of its designations as experts. The Government's notice was  in an outline format; this objection will follow a similar format.

**CANDACE BROWN:**  Ms. Brown is anticipated to testify to her collection of finger and palm prints from Mr. Lennon in December 2025 and comparison to prints collected in 2012 as well as her latent print analysis as well as the standard procedures for such examinations. (Doc. 33 at 1).

Ms. Brown's resume indicates she has training and experience as a criminalist.

This notice lists generally things she has done. It does not provide any indication that she is qualified to give an opinion on latent print analysis or their comparisons.   The Notice is insufficient under the Federal Rules of Evidence. The Notice fails to give notice

and disclose a complete state of all opinions that will be elicited from the expert, bases and reasons for those opinions, list of publications authored in the previous 10 years. Fed. R. Crim. P. 16(C)(iii). Further, it appears that she is familiar with items. Familiar implies general knowledge, not expert knowledge.

**GRACE HELMS:** Ms. Helms is anticipated to testify to her processing and examination of the DNA evidence collected in 2012 from the hotel where Mr. Lennon worked and from his mother as well as in part, as to the DNA testing results pertaining to certain evidence items collected by investigators as well as the standard procedures for such examinations (Doc. 33 at 2).

Ms. Helms' curriculum vitae indicates she has training and experience as a criminalist.

The Notice is insufficient under the Federal Rules of Evidence. The Notice fails to give notice and disclose a complete state of all opinions that will be elicited from the expert, bases and reasons for those opinions, list of other cases within the previous 4 years in which she has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(C)(iii).

This notice lists generally things he has done. It does not provide any indication that she is qualified to give an opinion on DNA testing results or standard procedures for such examinations, or other items that would be relevant in discovering items that would be useful for review of actions she has taken.

**WENDY DUKE:** Ms. Duke is anticipated to testify regarding processing and examination of the DNA evidence collected from Mr. Lennon in December 2025 and comparisons to the evidence collected in 2012 as well as testifying, in part, as to the DNA

testing results pertaining to certain evidence items collected by investigators as well as the standard procedures for such examinations (Doc. 33 at 2).

Ms. Duke's curriculum vitae indicates her training and experience as a criminalist.

The Notice is insufficient under the Federal Rules of Evidence. The Notice fails to give notice and disclose a complete state of all opinions that will be elicited from the expert, bases and reasons for those opinions. Fed. R. Crim. P. 16(C)(iii).

This notice lists generally things she has done. It does not provide any indication that she is qualified to give an opinion on DNA testing results or standard procedures for such examinations, or other items that would be relevant in discovering items that would be useful for review of actions she has taken.

**IRIS DALLEY GRAFF:** Ms. Graff is anticipated to testify regarding her review of photographs of the hotel where Mr. Lennon worked in 2012 as well as her observations and conclusions regarding the potential crime scene and her standard procedures for such analyses (Doc. 33 at 2).

Ms. Graff's curriculum vitae indicates she has training and experience as a forensic analyst.

The Notice is insufficient under the Federal Rules of Evidence. The Notice fails to give notice and disclose a complete state of all opinions that will be elicited from the expert, bases and reasons for those opinions, list of other cases within the previous 4 years in which she has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(C)(iii).

This notice lists generally things she has done. It does not provide any indication that she is qualified to give an opinion on conclusions related to a potential crime scene or

standard procedures for such examinations, or other items that would be relevant in discovering items that would be useful for review of actions she has taken.

## ARGUMENT

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony rests both on a reliable evidentiary foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 597 (1993). Specifically, Fed. R. Evid. 702 establishes a flexible standard in the Role 702 inquiry. *Id*. at 594. Rule 702 requires the evidence, or testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Further, "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id*. at 591.

In considering the issue of reliability, the court may look at factors such as 1) whether the theory or technique has been tested, and whether it can be; 2) whether the theory has been subjected to peer review and publication; 3) whether there is a known or potential high rate of error and whether there are standards controlling the technique's operation; and 4) whether the theory or technique enjoys general acceptance within a relevant scientific community. *Id.* at 592-594; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Any one factor is not dispositive; rather, the factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co.* 526 U.S. at 150. Where an expert's factual basis, data, principles, methods, or their application are called sufficiently into question, "the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline." *Id.* at 151 (internal citations

4

omitted). Reliability is tied to the facts of any particular case and the focus of the Court "must be solely on the principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. Finally, an expert's opinion "must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003), *quoting Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995).

Furthermore, a party must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003). In fact, the expert's opinion "must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Id.* at 1222; see also *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir.1995). (Although absolute certainty is not required, expert opinions must be based on facts which enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation).

For the experts' testimonies to be considered reliable, they must be based on facts that allow the expert to make a "reasonably accurate conclusion" rather than mere conjecture or speculation. *Dodge*, 328 F.3d at 1222. The Government does not provide any information that sets forth the basis of these experts' testimony. Instead, the Government merely sets forth what it expects the testimony will be and that the testimony may include testimony based on their education, training and professional experience. The Government sets forth no indication of any specific education that would be particularly relevant in this

case. The Government has failed to provide any information about any of the experts' involvement in similar cases. As such, their opinions, whatever they may be, will be nothing more than unsupported conclusions based on pure speculation; a practice expressly condemned by federal case law.

Finally, the Government does not specify what research any of the experts have performed, how the research was conducted, or the results of any research in their purported areas of expertise. Any conclusions or opinions drawn by the experts will certainly have no citation to facts culled from their personal research, as no such research has been indicated. The complete lack of any previous research that has been accepted by the scientific community clearly violates the *Daubert-Kumho Tire Co.* factors. Accordingly, the experts should not be qualified as experts in this matter.

Additionally, pursuant to Federal Rules of Evidence 402 and 403, Mr. Lennon moves to exclude the proffered expert testimony of the any of the Government's agents. Under Fed.R.Evid. 402, "evidence which is not relevant is not admissible." Fed. R. Evid. 403 states:

"evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Government's threadbare summary of the experts' opinions provides no conclusive opinion, states no methodology used is forming such an opinion, and demonstrates no acceptance in any scientific community. Specifically, no information was provided regarding the experts' opinions, other than the fact that the Government "expects"

that they will testify. As such, the purported expert opinions are neither probative nor relevant to the charges and are, therefore, inadmissible under Fed. R. Evid. 401 and 402.

WHEREFORE, for the above reasons, Mr. Lennon requests that the Court grant her motion for *Daubert* Hearing and to exclude evidence pursuant to Fed. R. Evid. 402, 403 and 702 and for whatever other relief this Court deems just and proper.

Respectfully Submitted,

s/Traci L. Rhone
_____

TRACI L. RHONE, OBA No. 19285
ASSISTANT FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF OKLAHOMA
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930
Telefacsimile: 405-609-5932
Electronic Mail: Traci_Rhone@fd.org
Counsel for Anthony Michael Lennon

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to those registered participants of the ECF system.

s/Traci L. Rhone
_____

TRACI L. RHONE