## COURTROOM MINUTE SHEET

DATE ___4-13-2026___

CRIMINAL NO.___CR-25-470___–SLP

United States -vs- ___Anthony Michael Lennon___

COMMENCED ___3:35___   ENDED ___5:40___   TOTAL TIME ___2 hours 05 min.___

PROCEEDINGS ___Motion Hearing___

JUDGE <u>SCOTT L. PALK</u>   DEPUTY <u>LORI GRAY</u>   REPORTER <u>CASSY KERR</u>

PLF COUNSEL ___Tiffany Edgmon, Angela Ganote___

DFT COUNSEL ___Traci Rhone, Bonnie Blumert___

The Defendant appears in custody of USM.

The Court hears from counsel for the Government as to the evidence the Government intends to present at trial.

The Court hears arguments of counsel as to the pending Motions in Limine [Doc. Nos. 30, 44, 45] and Defendant's Objection to the United States' Notice of Expert Witness [Doc. No. 50].

The Court RESERVES RULING on Government's Motion in Limine to Admit Evidence as Intrinsic or as Rule 404(b) Evidence [Doc. No. 30]. At present, the Court is not clear as to what arguments and evidence will be presented by the defense nor how specific evidence may be used at trial. The Court reserves ruling until such time as those issues are more developed, but the parties may re-urge arguments at trial, as necessary. The Government advises it may need to re-call witnesses.

Government's Motion in Limine to exclude irrelevant evidence or evidence based on the hearsay statements of Defendant [Doc. No. 44] is DENIED without prejudice to reassertion at trial.

Regarding Defendant's Omnibus Motion in Limine [Doc. No. 45], the Court rules as follows:

(1) Regarding Prior Acts—the ruling is RESERVED for the same reasons as the Government's Motion [Doc. No. 30].

(2) The request to Limit Cross Examination is DENIED without prejudice to raise at trial.

(3) The request to preclude the introduction or mention of Criminal Matters in Other Jurisdictions is DENIED without prejudice to raise at trial.

(4) The request to preclude reference of criminal matters in other jurisdictions is DENIED without prejudice to raise at trial.

(5) The request regarding Display of Exhibits is DENIED.

(6) The request to Exclude Government Witnesses from the Courtroom is MOOT by agreement of parties.

(7) The request to Limit Expert Witness Testimony is DENIED.

(8) The request to Prohibit Government References is DENIED.

(9) The request to Admonish Government Witnesses is DENIED as MOOT.

(10) The request for Leave to File Further Motions in Limine is DENIED.

(11) The Request to Permit Attorney Conducted Voir Dire is DENIED.

The Court directs both parties to resubmit a proposed jury instruction regarding the elements that incorporates Defendant's stipulation as to the element(s) by the morning of April 14. If any other stipulations are reached that affect the jury instructions, the parties shall re-submit those instructions as well.

The Court directs the Government to resubmit – by the morning of April 14 – its witness list, stating the agencies the witnesses are affiliated with.

The Court hears from counsel regarding Defendant's Objection to the United States' Notice of Expert Witness [Doc. No. 50] and the Government's Response thereto [Doc. No. 53].   The Court FINDS that the Government has satisfied the notice requirements of Rule 16 of the Criminal Rules of Procedure. The Court notes that although Defendant's Objection sets out the legal standards under *Daubert*, there is no analysis or development as to any *Daubert* issues for each individual expert, and the briefing is conclusory and underdeveloped.   To the extent Defendant's "Objection to the United States' Notice of Expert Witness" purports to be a Daubert Motion, the Court FINDS it fails to adequately present a *Daubert* challenge that requires review by the Court.

The Court advises it intends to refer to Defendant as "Defendant" at trial.